RHODES<br/>v.<br/>MYERS.

------

## L. CHAUDET *v.* M. DE JONG et al.

The salary of a city assessor is exempt from execution, he being the officer of a political corporation.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *J. Magne*, for plaintiff. *Roselius & Phillips*, for defendant and appellant.

VOORHIES, J. The question presented for adjudication in this cause is,

| 16 | 399 |
| 51 | 292 |
| 16 | 399 |
| 52 | 435 |

whether the emoluments of the office of City Assessor are exempt from seizure under article 647 of the Code of Practice.

The text speaks of salaries of office.

The term office, under our article, has reference to functions conferred by public authority and for a public purpose. These functions must be political.

The City of New Orleans is a corporation essentially political: it has for its object the administration of a portion of the State; and a part of the powers of government is delegated to it for that purpose. C. C. 420. The functions which it has conferred on its assessors, are public or political, and are ancillary to the exercise of the power to levy and collect taxes.

The office of City Assessor consequently falls under the operation of article 647 of the Code of Practice. See C. C. 1987.

It is therefore ordered and decreed, that the judgment of the District Court for the seizure and garnishment of the salary of the City Assessor in the hands of the City authorities, be avoided and reversed; and that, upon this rule, there be judgment in favor of the appellant, with costs in both courts.